## DOMINICI et al. v. UNITED STATES.

(Circuit Court, S. D. New York. February 6, 1896.)

No. 627.

1. CUSTOMS DUTIES—REIMPORTED AMERICAN MANUFACTURES—"SHOOKS."
   There is no regulation made by the secretary of the treasury in relation to the proof of identity of reimported American goods, which is applicable to barrels exported in the form of "shooks"; and even if there be such a regulation the method prescribed by it is not exclusive, and if the identity appear by other evidence ·the goods are entitled to · free entry.

2. SAME—JUDICIAL NOTICE OF TREASURY DECISIONS AND REGULATIONS.
   The court takes judicial notice of the Synopses of Treasury Decisions, and of the General Regulations prescribed by the department.

Appeal by Dominici & Marino, importers, from a decision of the board of general appraisers which sustained the action of the col-· lector in assessing duty upon certain merchandise.

Stephen G. Clarke, for appellants.

Max J. Kohler, Asst. U. S. Atty.

COXE, District Judge (orally).· In the case of U. S. v. Mercadante, ubi supra, ·to which the attention of the court has been directed,

as I understand it, the circuit court of appeals either reversed the decision of the circuit court or dismissed the appeal on the ground that upon the record before them there was no evidence to sustain the finding that "the fact of identity has been made to appear and is not disputed." If this be true, it seems to me that the decision of the circuit court upon the question in controversy should be followed here. The court decides two propositions, first, that there is no regulation of the secretary of the treasury applicable to shooks; and secondly, that it sufficiently appeared from the report of the appraiser, and from the return of the board of general appraisers also, that the shooks were of American manufacture, and therefore entitled to free entry and that the proof required by the regulation, even if the regulation were applicable to shooks, was only an additional safeguard and not conclusive. In this cause there is a finding of the local appraiser and also of the board of general appraisers that in fact these articles are shooks of American manufacture, and the board base their decision sustaining the action of the collector solely upon the ground that the importers have not complied with the regulation of the secretary of the treasury. Under the decision alluded to which holds first, that there was no such regulation, and secondly, that if there were it was not necessary to comply with it in the present circumstances, I am of the opinion that the decision of the board must be reversed.

There were before the court upon this hearing the original invoices and entries and accompanying papers, to wit, by the steamer "Balcarses Brook," May 28, 1891; "Caledonia," March 28, 1891; the "Australia," May 12, 1891; and the "Scotia," May 23, 1891. The court takes judicial notice of No. 10,291 of the Synopses of Treasury Decisions, and of articles 373, 374, 375, 376, 377 and 378, and articles 381, 382, 383 and 384 of the General Regulations of 1884, as amended by the Department Circular No. 85 of September 28, 1890, referred to in said decisions. The attention of the court is also called to the decision of the circuit court of appeals in the case of U. S. v. China & Japan Trading Co., 71 Fed. 864. The court is of the opinion that that ruling is inapplicable to the present case.